

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER COFIELD, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No.  1:12-cv-02100-HGD |
| ) | |
| ALLSTATE INDEMNITY ) | |
| COMPANY, ) | |
| ) | |
| Defendant ) | |

### MEMORANDUM OPINION AND ORDER

The above-entitled civil action is before the court on the Motion for Partial Summary Judgment filed by defendant, Allstate Indemnity Company. (Doc. 13). The parties have consented to jurisdiction of the undersigned magistrate pursuant to 28 U.S.C. § 636(c) and LR 73.2.

Plaintiff, Christopher[1] Cofield, commenced this action by filing a complaint against Allstate Indemnity Company (Allstate) in the Circuit Court of Calhoun County.  Allstate removed the action to this court based on diversity of citizenship and amount in controversy.  Plaintiff avers in his complaint that his mobile home was

---

[1] The caption of the complaint shows plaintiff's name as "Cristopher" while the body of the complaint has a spelling of "Christopher."

insured by defendant. Plaintiff alleges the mobile home was severely damaged by a storm on April 27, 2011, but defendant has failed or refused to pay plaintiff's insurance claim. Plaintiff alleges that Allstate is liable to him for breach of contract (Count I), fraud (Count II), bad faith (Count III), and negligence and wantonness in investigating his claim (Count IV). (Doc. 1, Ex. A, Complaint).

Allstate has moved for partial summary judgment with respect to plaintiff's claims of fraud, bad faith, and negligence and wantonness. Defendant filed its motion on August 15, 2013. Under Appendix II to the Initial Order Governing All Further Proceedings entered herein on June 8, 2012 (Doc. 4), plaintiff had twenty-one (21) days from the date of filing of the motion to file a response. To date, plaintiff has not filed any opposition to the Motion for Partial Summary Judgment.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a) (Dec. 2010). Rule 56(c) provides:

> (1) **Supporting Factual Positions.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) **Objection That a Fact Is Not Supported by Admissible Evidence.**  A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) **Materials Not Cited.**  The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) **Affidavits or Declarations.**  An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed.R.Civ.P. 56(c) (Dec. 2010).

Defendant, as the party seeking summary judgment, bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine issue of material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)).  A genuine issue of material fact is shown when the nonmoving party produces evidence so that a reasonable factfinder could return a verdict in his favor. *Greenberg v. BellSouth Telecomms.,*

*Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007).  If the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, the moving party is entitled to summary judgment.  *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552.  Rule 56(e), Fed.R.Civ.P., provides that if a party "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . (2) consider the fact undisputed for purposes of the motion; [or] (3) grant summary judgment if the motion and supporting materials– including the facts considered undisputed–show that the movant is entitled to it. . . ."  Fed.R.Civ.P. 56(e)(2) and (3).  In reviewing whether the nonmoving party has met her burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.  *Tipton v. Bergrohr GMBH-Siegen*, 965 F .2d 994, 998-99 (11th Cir. 1992) (internal citations and quotations omitted).  However, speculation or conjecture cannot create a genuine issue of material fact.  *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005).  A "mere scintilla of evidence" in support of the nonmoving party also cannot overcome a motion for summary judgment.  *Young v. City of Palm Bay*, 358 F.3d 859, 860 (11th Cir. 2004).

## FACTUAL BACKGROUND

Evidence submitted reflects that plaintiff had a Manufactured Home Policy of Insurance issued by Allstate in place on April 27, 2011, when he alleges his home was damaged as a result of severe weather on that date. On May 3, 2011, Mr. Cofield notified Allstate of this damage, and it began an investigation of his claim. Allstate assigned contents specialist John Wallace and structure adjuster Scott Fugich to inspect the loss and begin the claims process. Fugich conducted an initial inspection of the mobile home on May 13, 2011, and prepared an estimate regarding the damages to plaintiff's home.

On May 20, 2011, Field Adjuster Mac Wyont conducted a supplemental inspection of the mobile home with Fuguch and a contractor for plaintiff. This inspection revealed that the mobile home was not sitting on all blocks, and Wyont scheduled a re-inspection with Quality Control Re-inspector Daren White. White completed his re-inspection on May 23, 2011. Because of the nature of the damage to the property, Allstate requested that Licensed Professional Engineer William Mott inspect the mobile home to determine the cause of damage.

On June 16, 2011, Mr. Mott conducted an inspection of the mobile home to assess the damage to the home to the extent that it had been caused by the severe weather on April 27, 2011. (*See* Defendants' Ex. D, Engineering Report of William

Mott). During the inspection, Mr. Mott observed that the westernmost pier that supports the north I-beam framing was not resting on the blocks or shims. He also observed additional damage to both the interior and exterior of the mobile home, but he concluded that the damage and distress reported by plaintiff were caused by the racking or warping of the frame and were not related to the severe weather event. However, Mott noted that he could not judge with any degree of certainty whether the wind storm blew down the metallic skirt around the bottom of the mobile home. Therefore, he recommended that Allstate repair the skirt and level the home.

Based on Mott's report and the May 13, 2011, Allstate estimate, Allstate issued a check to plaintiff on June 29, 2011, for $3204.76 for payment for damage to the metallic skirt surrounding the mobile home and for the re-leveling of the mobile home. However, plaintiff disputed the amount of the check, disagreed with Mr. Mott's determination that the damage to the mobile home was not storm-related, and returned the check uncashed.

DISCUSSION

**Fraud (Count II)**

"'The elements of fraud are: (1) a misrepresentation of a material fact, (2) made willfully to deceive, recklessly without knowledge, or mistakenly, (3) that was reasonably relied on by the plaintiff under the circumstances, and (4) that caused

damage as a proximate consequence.'" *Allstate Ins. Co. v. Eskridge*, 823 So.2d 1254, 1258 (Ala. 2001) (quoting *Brushwitz v. Ezell*, 757 So.2d 423, 429 (Ala. 2000)).  In Count II, plaintiff alleges:

> 11.  Plaintiff purchased the policy on insurance from the Defendants because it had been represented to her that in the event her home was damaged that she would be paid benefits to repair her home.
>
> 12.  Defendants denied and/or refused payment of the Plaintiff's claim as of the filing of this Complaint.
>
> 13.  Representations that the policy would pay the aforesaid benefits were false.  The Plaintiff relied upon the representations made to them by Defendants, to her detriment.
>
> 14.  The aforesaid fraud in the inducement by the Defendants combined and concurred proximately causing the Plaintiff to suffer substantial damages and great mental anguish.

(Doc. 1, Ex. A, Complaint, at ¶¶ 11-14) (*sic*).

In his complaint, plaintiff appears to claim that his policy of insurance with Allstate provided for coverage of any damage to his home whatsoever, regardless of the cause.  A review of the policy provisions reflects that this is not the case.  For instance, the policy specifically excludes coverage for the sinking, rising, shifting, creeping, expanding, bulging, cracking, settling or contracting of the earth," "wear, tear, aging, marring, scratching, deterioration, inherent vice, or latent defect," "rust or other corrosion," "settling, cracking, shrinking, bulging or expansion of pavement,

patios, foundations, walls, floors, roofs, or ceilings," or "Weather Conditions that contribute in any way" to losses excluded by these exclusions. (Doc. 13, Ex. A, Allstate Policy, at 7-9). Furthermore, it is undisputed that Allstate tendered payment to Mr. Cofield for the damage that it believed was caused by the severe weather and covered by his policy. Plaintiff's claim of fraud wholly fails to set out with any degree of specificity what damages were covered by the policy which Allstate failed to pay or what fraudulent acts it is alleged to have committed.

Rule 9(b), Fed.R.Civ.P., requires that a claim of fraud be pled with particularity. In *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350 (11th Cir. 2006), the Eleventh Circuit stated that "[p]articularity means that a plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." *Id*. at 1357 (internal quotes omitted). None of these elements has been met by plaintiff. Therefore, this claim is due to be dismissed on this ground.

Furthermore, the damages covered by the Allstate policy are clearly set out in that policy. The following rule is well established in Alabama:

> "[A] person who signs an instrument without reading it, when he can read, cannot, in the absence of fraud, deceit or misrepresentation, avoid the effect of his signature, because [he is] not informed of its contents;

and the same rule [applies] to one who can not read, if he neglects to have it read, or to enquire as to its contents."

*Mitchell Nissan, Inc. v. Foster*, 775 So.2d 138, 140 (Ala. 2000) (quoting *Beck & Pauli Lithographing Co. v. Houppert*, 104 Ala. 503, 506, 16 So. 522, 522 (1894)) (emphasis omitted). "This Court has held that a person who signs a contract document is on notice of the terms therein and is bound thereby, even if he or she fails to read the document." *Safeway Ins. Co. of Alabama, Inc. v. Taylor*, 758 So.2d 523, 525 (Ala. 1999). There is a general duty on the part of a person to read the documents received in connection with any transaction. *Gilmore v. M & B Realty Co.*, 895 So.2d 200 (Ala. 2004).

Because the terms of the policy are clearly set out therein, plaintiff cannot contend that he was mislead by a representation that is contrary to the terms of this document. In order for a plaintiff to recover for misrepresentation, his reliance must have been reasonable. *Torres v. State Farm Fire & Cas. Co.*, 438 So.2d 757 (Ala. 1983). When the terms are clearly stated in the document, plaintiff cannot demonstrate reasonable reliance on his claim that Allstate allegedly advised him that his home was covered for all possible damage claims. *See Webb v. Reese*, 505 So.2d 321 (Ala. 1987). A plaintiff "is not authorized to disregard the express terms of the contract and rest her claim on fraud, claiming that she relied on a statement which is

contrary to the contract terms." *Id.* at 322.  *See also Syx v. Midfield Volkswagen, Inc.*, 518 So.2d 94 (Ala. 1987).

Because there was no reasonable reliance on the alleged misrepresentation by Allstate, plaintiff has not established a claim of fraudulent misrepresentation as set out in Count II of the Complaint.  Therefore, this claim is due to be dismissed.

**Bad Faith (Count III)**

In Count III of his complaint, plaintiff alleges that Allstate exercised bad faith in refusing to provide plaintiff with benefits under the contract of insurance "sufficient to repair the damage done to their home because of fire." (Doc. 1, Ex. A, Complaint, at ¶ 17) (*sic*).  He asserts that Allstate failed to determine whether there was a reasonably legitimate, arguable or debatable reason to refuse to pay his claim. He claims that Allstate "failed to investigate properly the damages sustained to the insured structure and the cause of the damage under said policy." (*Id.*).

In order to prevail on a bad-faith failure to properly investigate an insured's claim, the insured must show (1) that the insurer failed to properly investigate the claim or to subject the results of the investigation to a cognitive evaluation and review, and (2) that the insurer breached the contract for insurance coverage with the insured when it refused to pay the insured's claim. *State Farm Fire & Cas. Co. v. Slade*, 747 So.2d 293, 318 (Ala. 1999).  Practically speaking, this means that an

insured must prove that a proper investigation would have revealed that the insured's loss was covered under the terms of the policy. *Id.*

The evidence is undisputed that Allstate undertook a thorough investigation and commissioned a Licensed Professional Engineer to complete an inspection and assess the damages to plaintiff's mobile home prior to reaching its claim decision. "'Bad faith . . . is not simply bad judgment or negligence. It imports a dishonest purpose and means a breach of known duty, i.e., good faith and fair dealing, through some motive of self-interest or ill will.'" *Slade*, 747 So.2d at 303-04 (quoting *Gulf Atlantic Life Ins. Co. v. Barnes*, 405 So.2d 916, 924 (Ala. 1981)). Allstate undertook a thorough investigation of plaintiff's mobile home before making a coverage decision on plaintiff's claim. It was inspected by three different adjusters, in addition to Professional Engineer William Mott. Ultimately, Mr. Mott determined that "most of the distresses found were caused by the racking or warping of the frame, and these distresses were not related to the storm event." (Doc. 13, Ex. D, Engineering Report of William Mott, at Bates No. COFIELD 00141).

Furthermore, plaintiff has failed to submit any evidence that Allstate "intentionally or recklessly failed to properly subject the plaintiff's claim to a cognitive evaluation or review." *Slade*, 747 So.2d at 306-07. Plaintiff has not provided any evidence of a lack of a debatable reason for Allstate's decision. In fact,

it did not refuse to pay the claim at all; it merely tendered less than plaintiff believed was owed under the policy.

For these reasons, plaintiff has failed to establish a claim of bad faith. Therefore, this claim is due to be dismissed.

**Negligence/Wantonness (Count IV)**

In Count IV, plaintiff claims that Allstate had a duty to investigate his claim and that it negligently and wantonly failed to do so. (Doc. 1, Ex. A, Complaint, at ¶ 21). The Alabama Supreme Court has consistently refused to recognize a cause of action for the negligent or wanton handling of insurance claims. *See Kervin v. Southern Guar. Ins. Co.*, 667 So. 2d 704, 706 (Ala. 1995); *Pate v. Rollison Logging Equip., Inc.*, 628 So.2d 337 (Ala. 1993); *Armstrong v. Life Ins. Co. of Virginia*, 454 So.2d 1377, 1380 (Ala. 1984), *overruled on other grounds, Hickox v. Stover*, 551 So.2d 259, 264 (Ala. 1989); *Chavers v. National Sec. Fire & Cas. Co.*, 405 So.2d 1 (Ala. 1981); *Calvert Fire Ins. Co. v. Green*, 278 Ala. 673, 180 So.2d 269 (1965). *See also Akpan v. Farmers Ins. Exch., Inc.*, 961 So.2d 865, 874 (Ala.Civ.App. 2007) (an independent adjuster or investigator that was hired by an insurance company to investigate or adjust the claim of an insured owes no duty to the insured). Therefore, this claim is also due to be dismissed.

## CONCLUSION

Based on the foregoing, the Court concludes that plaintiff's extra-contractual claims are each due to be dismissed. Therefore, defendants' motion for summary judgment as to Counts II, III and IV is due to be and hereby is GRANTED, and these counts are due to be and hereby are DISMISSED WITH PREJUDICE.

DONE this 28th day of January, 2014.

_____
HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE